[No. 5402–1–III.   Division Three.   July 12, 1984.]

DONALD W. ZODA, *Appellant,* v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, *Respondent.*

*Timothy Mahoney,* for appellant.

*Diehl R. Rettig, James E. Hurson,* and *Raekes, Rettig, Osborne & Forgette,* for respondent.

GREEN, J.—One issue is presented: Whether a husband can claim damages for loss of consortium under the under-insured/uninsured portion of his automobile insurance policy after his wife has settled for the policy limits under the coverage applicable to her injuries.

On September 30, 1980, Mr. Zoda and his wife were involved in a collision with an uninsured motorist. Mrs. Zoda was seriously injured leaving her permanently disabled with loss of function in her hip joint. The Zodas were insured with Mutual of Enumclaw Insurance Company. The policy provided uninsured motorist coverage of $300,000 per occurrence with a $100,000 single person limit. On April 28, 1981, Enumclaw paid Mrs. Zoda the single person limit of $100,000, but it was generally agreed the damages for her injuries exceeded that amount.

Mr. Zoda was also injured in the accident. He sought payment under the policy not only for his own physical injuries but also for loss of consortium as a result of his wife's inability to fully function as a homemaker and wife.

Enumclaw rejected the consortium claim and apparently declined to submit to arbitration. On April 5, 1982, Mr. Zoda commenced this action to compel arbitration of Mr. Zoda's claim for loss of consortium. The court refused to allow arbitration on the ground the limits of the policy had been paid to Mrs. Zoda for her injuries and this payment included Mr. Zoda's consortium claim.

Section III of the policy providing uninsured motorists coverage states:

WE WILL PAY:
1. Damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of *bodily injury* sustained by a covered person and caused by an accident.

(Italics ours.) Bodily injury as used in the policy means "bodily injury, sickness or disease including death resulting from these."

■■ Mr. Zoda asserts the consortium claim is not restricted by the single person limit of the policy. We disagree. The policy covers "bodily injury sustained by a covered person . . ."—a direct physical injury to one person. As the court in *Thompson v. Grange Ins. Ass'n,* 34 Wn. App. 151, 161–62, 660 P.2d 307 (1983) stated:

We next observe the widely held rule that damages for loss of consortium are consequential, rather than direct, damages. They necessarily are dependent upon a bodily injury to the spouse who can no longer perform the spousal functions; it does not arise out of a bodily injury to the spouse suffering the loss.

In light of this decision, it seems clear that Mr. Zoda's claim for loss of consortium must fail because Mrs. Zoda exhausted her single person limit of $100,000. Thus, his damages are limited to those flowing from his bodily injury. *See also Hutton v. Martin,* 43 Wn.2d 574, 577–78, 262 P.2d 202 (1953); *West Am. Ins. Co. v. Buchanan,* 11 Wn. App. 823, 827, 525 P.2d 831 (1974) (quoting from 8 J. Appleman, *Insurance* § 4891, at 319 (1962)).

Mr. Zoda relies upon RCW 48.22.030(1)[1] and claims an amendment of this statute no longer restricts his recovery to bodily injury. We do not so read this definitional section of the statute. Our reading is consistent with the provisions of RCW 46.29.490(2)(b) which mandates a minimum coverage for "bodily injury" in an insurance policy.

Affirmed.

MUNSON, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court October 5, 1984.

---

[1]"'Underinsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance, or use of which either no bodily injury or property damage liability bond or insurance policy applies at the time of an accident, or with respect to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover."