498 So.2d 171 (1986)
Rebecca ALBIN
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 85CA0942.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Writ Denied December 19, 1986.
*172 Joseph Simpson, Amite, for plaintiff-appellee.
Ron Macaluso, Hammond, for defendant-appellant.
Before EDWARDS, WATKINS and Le BLANC, JJ.
WATKINS, Judge.
The issue on appeal is whether loss of consortium, in the absence of any physical manifestations, is a "bodily injury" within the meaning of the automobile liability insurance policy before us. We hold that it is not, and reverse.

FACTS
On February 13, 1984, Donald Albin was injured in an automobile accident through the sole negligence of Allan K. Cambre. Albin's wife, Rebecca, the plaintiff in this lawsuit, was not involved in the accident. Cambre was insured by State Farm Mutual Automobile Insurance Company for damages which he became legally liable to pay "because of ... bodily injury to others." Cambre's State Farm policy limited coverage to $10,000.00 for a single bodily injury and $20,000.00 for bodily injury to two or more persons per accident. In June of 1984, Mr. Albin released Cambre and State Farm from further liability for the single-injury policy limit ($10,000.00). Mrs. Albin was not a party to the release, and filed the present lawsuit against State Farm on October 16, 1984, seeking damages for "loss of consortium, society, etc." caused by her husband's injuries. State Farm filed an exception of no right of action which was referred to the merits, and trial was held on January 22, 1985. The trial court rendered judgment on May 28, 1985, dismissing State Farm's exception, and awarding Mrs. Albin $9,950.00 for loss of consortium. The court found that her claim was separate from her husband's personal injury claim, and found that the payment of the single-injury policy limit to Mr. Albin did not bar Mrs. Albin's recovery under the policy. State Farm appealed this judgment.

STATEMENT OF LAW
There is no dispute that Mrs. Albin had a right of action against Cambre for loss of consortium, service, and society. LSA-C.C. art. 2315.[1] She also had a right of action against Cambre's insurer, State Farm, within the terms and limits of the policy. LSA-R.S. 22:655.[2] The policy provides that State Farm will "pay damages which an insured [Cambre] becomes legally liable to pay because of ... bodily injury to others." (Emphasis in original.) Mrs. Albin's consortium claim, which resulted from her husband's bodily injury in the accident, was therefore within the terms of the policy. However, State Farm's liability under the policy is limited to $10,000.00 "for all *173 damages due to bodily injury to one person" (the single-injury limit) and to $20,000.00 "for all damages due to bodily injury to two or more persons in the same accident" (the multiple-injury limit). (Emphasis in original.) Because Mr. Albin's settlement exhausted the single-injury limit, Mrs. Albin can recover under the multiple-injury limit only if she too suffered bodily injury in the accident. Whether the loss of consortium, service, and society suffered by Mrs. Albin constituted a bodily injury depends upon our interpretation of the policy.
The general principles governing the interpretation of insurance contracts are well-settled. The interpretation of insurance contracts is governed by the rules for interpreting written agreements. Carney v. American Fire & Indem. Co., 371 So.2d 815, 818 (La.1979). See LSA-C.C. arts. 2045-2057 (Acts 1984, No. 331 § 1). If there is any ambiguity or doubt as to the meaning of a word or phrase, the court must attempt to ascertain the common intention of the parties by reference to other terms or phrases within the policy, LSA-C.C. arts. 2048, 2050, usually construing the language in accordance with its general and popular use, LSA-C.C. art. 2047. See Carney, 371 So.2d at 818. If an insurance contract is susceptible to two or more reasonable interpretations, then any ambiguity must be construed in favor of the insured and against the insurer. Id.; LSA-C.C. art. 2056. See generally 15 W. McKenzie & H.A. Johnson, Louisiana Civil Law Treatise: Insurance Law and Practice § 4, at 6-7 (1986). However, if the words of the policy are clear and express the intent of the parties, the agreement is to be enforced as written. Carney, 371 So.2d at 818; LSA-C.C. art. 2046.
The term "bodily injury" is specifically defined in Cambre's State Farm policy as follows: "Bodily Injurymeans bodily injury to a person and sickness, disease or death which results from it." Although this definition approaches tautology, we cannot say that it includes Mrs. Albin's injuries.
At trial, Mrs. Albin testified that, since the accident, her husband had been unable to work around their house, that he had been moody, and that the frequency of their sexual activity had decreased. Other than this, there was no testimony that the diminishment of her husband's love, affection, and sexual interest resulted in any physical effects or physical injury to her at all.
We do not believe the term "bodily injury," in its general and popular use, includes purely emotional injuries, especially where there is neither physical trauma nor a physical manifestation of the injury. As such, Mrs. Albin has no right to recover under the policy as a separately-injured person.
In Nickens v. McGehee, 184 So.2d 271 (La.App. 1st Cir.), writ refused, 249 La. 199, 186 So.2d 159 (1966), this court interpreted a similar term in an "Owners', Landlords' and Tenants' Liability Policy." The policy provided coverage "for all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom." Id., 184 So.2d at 277. The court discussed whether mental pain and suffering was covered as a "bodily injury" where the plaintiffs sustained no physical injuries:
In its usual significance the term "bodily injuries" is understood to mean hurt or harm to the human body or some member thereof by contact with some external force or violence either accidental or intentional. In this respect the terms "bodily injury" and "physical injury" appear to be synonymous considering each contemplates actual physical harm or damage to a human being. However, mental distress, unaccompanied by bodily injury resulting from the application of some external force to an individual, is not generally regarded as physical or bodily injury. It is, nevertheless, within the purview of the term "personal injuries" which classification is not confined to "physical or bodily injuries" but extends to injuries to one's feelings and emotional distress or disturbance resulting *174 from abuse, slander or libel, Martin v. Derenbecker, 116 La. 495, 40 So. 849; and in some instances from breach of contract, Lewis v. Holmes, 109 La. 1030, 34 So. 66, 61 L.R.A. 274.
....
Since plaintiffs herein sustained no bodily injury, there was no coverage under the policy issued by their insurer....
Nickens, 184 So.2d at 278. See also Black's Law Dictionary 159 (5th ed. 1979) ("Bodily" is defined as "[p]ertaining to or concerning the body; ... not mental but corporeal. "Bodily injury" generally "refers only to injury to the body, or to sickness or disease contracted by the injured as a result of injury.")
We are aware of other Louisiana courts which have construed the term "bodily injury" in similar policy definitions more broadly than Nickens did. See Bloodworth v. Carroll, 455 So.2d 1197, 1205 (La.App. 2d Cir.1984), reversed on other grounds, 463 So.2d 1313 (La.1985) (fright and emotional stress in the absence of any physical contact constituted bodily injury under uninsured motorist policy); Holcomb v. Kincaid, 406 So.2d 646, 648 (La.App. 2d Cir. 1981) (humiliation and embarrassment absent any physical contact, but evidenced by rash, falling hair, weight loss, and symptoms of stroke constitute bodily injury under homeowners' policy); Levy v. Duclaux, 324 So.2d 1, 10 (La.App. 4th Cir.1975) (humiliation which brought physical manifestations, such as tears and hysteria, constituted bodily injury under liability policy). We also note two cases from other states which support a more liberal construction of the term "bodily injury" to include claims for loss of consortium. Bilodeau v. Lumbermens Mut. Cas. Co., 392 Mass. 537, 467 N.E.2d 137 (1984); Abellon v. Hartford Ins. Co., 167 Cal.App.3d 21, 212 Cal.Rptr. 852 (4th Dist.1985). Compare Sheffield v. American Indem. Co., 245 S.C. 389, 140 S.E.2d 787 (1965). See generally Annotation, 46 A.L.R.4th 735 (1986).
While we do not decide whether a "bodily injury" may ever occur in the absence of contact with some external force, we cannot include Mrs. Albin's injuries within its definition without straining the plain meaning of the words. We hold that loss of consortium and society, especially in the absence of any physical manifestations or injuries resulting from such loss, is not a bodily injury within the meaning of this automobile liability insurance policy.
Accordingly, the judgment of the trial court is reversed. All costs are to be paid by the plaintiff-appellee.
REVERSED.
NOTES
[1] LSA-C.C. art. 2315 provides:

A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
....
D. (1) The right to recover all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
(a) The surviving spouse and child or children of the deceased, or either such spouse or such child or children....
(Article 2315 was amended by Acts 1986, No. 211 §§ 1-2. The provisions relating to loss of consortium were not changed in substance.) It was stipulated at trial that Mr. Albin had no children.
[2] LSA-R.S. 22:655, the Louisiana Direct Action Statute, provides in part: "The injured person... shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and the insurer jointly and in solido...."