519 So.2d 265 (1988)
Marie Carroll, Wife of/and Roger CARROLL
v.
STATE FARM INSURANCE COMPANY, Nickie Nystrom, and Harleysville Mutual Insurance Company.
No. 87-CA-412.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
Writ Denied March 11, 1988.
Mollere & Flannagan, Metairie, for plaintiffs/appellees.
C. Gordon Johnson, Jr., Cynthia A. Bacher, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant/appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This case arises from an automobile accident in which one of the plaintiffs, the wife, was injured. From summary judgment dismissing the husband's claim against his uninsured motorist insurer, for loss of consortium, the plaintiffs appeal.
Mrs. Carroll was seriously injured in an accident on September 21, 1985. The defendant-tortfeasor *266 was uninsured, while Mr. Carroll's automobile insurance policy with State Farm carried uninsured motorist coverage with limits of $10,000 per person and $20,000 per accident. Mr. Carroll was not involved in the accident. Mrs. Carroll's injuries amounted to at least $10,000, which State Farm paid. Mr. Carroll alleges he is covered by the policy as a second person sustaining bodily injury as a result of Mrs. Carroll's accident, because he was forced to take over her household duties, aggravating a previous back injury from which he was then recovering. He seeks the additional $10,000 provided by the policy.
State Farm denied coverage of injuries to Mr. Carroll and filed a motion for summary judgment on the basis of the policy's stated maximum of $10,000 as the insurer's liability for all damages arising out of bodily injury to one person. Asserting that there is no question of material fact, the mover asked for judgment dismissing the plaintiff's petition, which judgment was granted. This appeal followed.
The primary issue before us is whether summary judgment is appropriate in this case. At issue is the correctness or not of the trial court's interpretation of the insurance policy.
The State Farm policy issued to Mr. Carroll provides the following limits of liability on its declaration page:

LIMITS OF LIABILITY
 A-LIABILITY C-MEDICAL U-UNINSURED MOTOR VEH.
 Bodily Injury Property Damage PAYMENTS Bodily Injury
Each Person Each Accident Each Accident Each Person Each Person Each Accident
 10,000 20,000 10,000 10,000 20,000

The policy limits are explained as follows in pertinent part:
LIMITS OF LIABILITY
1. The amount of coverage is shown on the declarations page under "Limits of LiabilityUEach Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. Under "Each Accident" is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident.
. . . . .
4. The limits of liability are not increased because:
a. more than one vehicle is insured under this policy; or
b. more than one person is insured at the time of the accident.
In the definitions "bodily injury" is defined as, "... bodily injury to a person and sickness, disease or death which results from it."
Limitation in contravention of public policy.
The appellant's first argument is that the limits of liability preclude recovery for a class of damages provided for in LSA-C.C. art. 2315, i.e. loss of consortium. The purpose of statutorily mandated uninsured motorist insurance was to offer protection against the generalized risk of damages caused by an uninsured or underinsured motorist. Accordingly, the policy limitation is against public policy. Block v. Reliance Ins. Co., 433 So.2d 1040 (La. 1983). In the Block case the court said at 1044:
An insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy.... [Citations omitted.]
In that case the court allowed cumulation of coverages for insureds who had entered into uninsured motorist insurance contracts prior to the enactment of the "anti-stacking" *267 amendment to the statute. Also in Monnier v. Lawrence, 467 So.2d 35 (La. App. 4th Cir.1985), writ denied 472 So.2d 37 (La.1986), the court refused to enforce a provision requiring deduction of payment by the worker's compensation carrier when the deduction would reduce recovery of uninsured motorist payment to an amount below the statutorily required minimum.
The cases above, relied upon by the appellant, uphold the general principles of insurance law regarding construction of contracts in favor of the insured. However, the cases do not suggest that insurers are not entitled to place limits on their coverage. The limitation in the policy before us does not necessarily, as appellant argues, disallow claims for loss of consortium, as long as the total damages arising from injury to one person, including such loss, do not amount to more than $10,000. Where the maximum allowance for that person has been paid, no further recovery may be had. Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972).
Ambiguity in Definition of "Bodily Injury."
The appellant's second argument is that the policy language does not limit "bodily injury" to the person who receives the bodily injury and there may be recovery for sickness, disease or death which results to another person from the bodily injuries to one person. He then goes into a discussion of cases in which mental anguish, fright, and distress with physical manifestations have been interpreted as "bodily injury," which seems rather far afield from the allegations of his petition that his preexisting back injury had been aggravated because of loss of Mrs. Carroll's services.
The plaintiff's argument is based upon the recent case of Albin v. State Farm Mut. Auto. Ins. Co., 498 So.2d 171 (La.App. 1st Cir.1986), writ denied 498 So.2d 1088 (La.1986), where a wife sued the tortfeasor's liability insurer for loss of consortium resulting from her husband's injuries in an automobile accident. She was not involved in the accident. The First Circuit held that she did have a right of action against the insurer within the terms and limits of the policy, because her loss of consortium claim resulted from her husband's bodily injury. However, because her husband's settlement exhausted the single injury limits, she could recover only on a showing that she sustained bodily injury in the accident. The court reversed her additional recovery, for loss of consortium, having determined that the definition of "bodily injury" did not include the wife's injuries. It said, at 173:
We do not believe the term "bodily injury," in its general and popular use, includes purely emotional injuries, especially where there is neither physical trauma nor a physical manifestation of the injury. As such, Mrs. Albin has no right to recover under the policy as a separately-injured person.
We infer that, had she been able to show some physical manifestations resulting from her husband's injuries, she would have recovered on the policy as a "separately-injured person."
A review of the jurisprudence has not revealed a Louisiana Supreme Court case in which a plaintiff recovered against an insurer for bodily injury as a second injured person when that person was not involved in the accident. Albin v. State Farm Mut. Auto. Ins. Co., supra, is not authoritative, even though the Supreme Court denied writs, as writ denials do not make law. De Battista v. Argonaut Southwest Ins. Co., 403 So.2d 26 (La.1981), cert. denied, 459 U.S. 836, 103 S.Ct. 82, 74 L.Ed.2d 78 (1982). Accordingly, we are not bound by the Albin case and we find no merit in this argument of the plaintiff.
Summary judgment is appropriate only when there is no question of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. In Westerfield v. La Fleur, 493 So.2d 600 (La. 1986), in reversing summary judgment in a wrongful death action the Supreme Court held, as follows at 605:
... summary judgment may not be rendered declaring lack of coverage unless there is no reasonable interpretation *268 of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded....
We believe that the instant case is one in which summary judgment is appropriate because there is no reasonable interpretation of the policy under which coverage may be afforded. Under the facts of this case the husband could have recovered only if he had elected higher limits of liability and uninsured motorist coverage.
Accordingly, for the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.