[No. 11072-5-II. Division Two. May 11, 1988.]

GRANGE INSURANCE ASSOCIATION, *Appellant,* v. SHARON MORGAVI, ET AL, *Respondents.*

*David C. Nordeen* and *Weber & Baumgartner*, for appellant.

*Daniel G. Marsh*, for respondents.

WORSWICK, J.—William Morgavi has a claim for loss of consortium because of a tortious physical injury to his wife. The insurance policy available to indemnify the tortfeasor affords bodily injury coverage up to $50,000 per person and $100,000 per occurrence. The insurer tendered $50,000, to apply to all of the Morgavis' damages, and sought a declaratory judgment that it had no further exposure. The insurer now appeals a summary judgment to the effect that the additional $50,000 of the per occurrence limits is available to apply to Mr. Morgavi's claim. We reverse.

■ It has long been settled in this state that, absent different policy provisions, insurance indemnity for a claim for loss of consortium is restricted to the same single person limit of the policy available to indemnify for the spouse's injuries that occasioned the claim. *See Zoda v. Mutual of Enumclaw Ins. Co.*, 38 Wn. App. 98, 684 P.2d 91, *review denied*, 102 Wn.2d 1018 (1984). *See also Hutton v. Martin*, 43 Wn.2d 574, 262 P.2d 202 (1953); *United Pac. Ins. Co. v. Edgecomb*, 41 Wn. App. 741, 706 P.2d 233 (1985). Mr. Morgavi contended in the trial court, and contends here, that this restriction no longer applies, principally citing

*Reichelt v. Johns–Manville Corp.,* 107 Wn.2d 761, 733 P.2d 530 (1987), *Lund v. Caple,* 100 Wn.2d 739, 675 P.2d 226 (1984), and *Christie v. Maxwell,* 40 Wn. App. 40, 696 P.2d 1256, *review denied,* 104 Wn.2d 1002 (1985). The trial court was persuaded; we are not.

Although both *Reichelt* and *Lund* held that loss of consortium was the basis for an independent claim on the part of the person suffering the loss, neither purported to alter settled insurance law. *Christie,* decided by the same court that decided *Zoda,* also dealt with the characteristics of a claim for loss of consortium. It distinguished *Zoda* by pointing out the difference between questions having to do with the *claim,* and those concerning *insurance. Christie,* 40 Wn. App. at 45 n.3. Mr. Morgavi fails to take this vital distinction into account.

We find Mr. Morgavi's additional arguments without merit.

Reversed.

REED, C.J., and ALEXANDER, J., concur.

Review denied by Supreme Court September 1, 1988.