Lori Stark HINNERS, Appellee,

v.

PEKIN INSURANCE COMPANY, Appellant.

No. 87–1294.

Supreme Court of Iowa.

Nov. 23, 1988.

John M. Wharton and Fred L. Morris of Peddicord & Wharton, P.C., Des Moines, for appellant.

Russell S. Wunschel, P.C., Carroll, for appellee.

LARSON, Justice.

Stephen Hinners was struck and severely injured in South Carolina by an uninsured vehicle. His wife, Lori Stark Hinners, was living with her parents in Iowa at the time of the accident. Her father, Cletus Stark, had a policy of insurance with the defendant Pekin Insurance Company which provided uninsured motorist protection for "a person related [to the named insured] by blood ... who is a resident of [the named insured's] household."

Lori Hinners claimed a loss of her husband's consortium as a result of the South Carolina accident and sought payment under the Pekin policy. When Pekin refused, she filed suit against it. Pekin moved for summary judgment, which was denied. We granted Pekin's application for interlocutory appeal and now affirm.

On appeal, Pekin asserts error in the denial of its summary judgment motion because neither its insurance policy nor our uninsured motorist statute, Iowa Code ch. 516A (1985), provided for coverage under the facts of this case.

The policy language quoted above appears to include Lori Hinners as a "covered person," but the policy then provides that the company

will [only] pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle *because of bodily injury:*

1. *Sustained by a covered person;* and

2. Caused by an accident.

Lori Hinners appears to concede that this language excludes coverage of her claim because her husband, who had sustained the bodily injury, was not a resident of her father's household and thus was not a "covered person" under the policy.

Despite the apparent lack of policy coverage, however, Lori contends she is entitled to recovery because of the impact of Iowa Code section 516A.1. That section, our uninsured motorist provision, sets certain minimum provisions to be included in all liability insurance policies written in the state of Iowa. This is important because we have held that, if a policy's provisions are contrary to the statute, the policy provisions are rendered ineffective, and the statute controls. *See Davenport v. Aid Ins. Co.*, 334 N.W.2d 711, 712–13 (Iowa 1983).

Iowa Code section 516A.1 provides, in relevant part, that

[n]o automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in such policy or supplemental thereto, for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or a hit-and-run motor vehicle or an underinsured motor vehicle because of bodily injury, sickness, or disease, including death resulting therefrom, caused by accident and arising out of the ownership, maintenance, or use of such uninsured or underinsured motor vehicle, or arising out of physical contact of such hit-and-run motor vehicle with the person insured or with a motor vehicle which the person insured is occupying at the time of the accident. Both the insured motor vehicle or hit-and-run motor vehicle coverage, and the underinsured motor vehicle coverage shall include limits for bodily injury or death at least equal to those stated in section 321A.1 subsection 10. The form and provisions of such coverage shall be examined and approved by the commissioner of insurance.

To recover for damage caused by an uninsured motorist, therefore, it must be shown that (1) the claimant is a "person[] insured"; (2) the claimant is legally entitled to damages from the uninsured owner or operator; (3) that "bodily injury" resulted; and (4) that damage resulted from the ownership or operation of the uninsured vehicle.

Pekin does not challenge the second or fourth element; it is clear that Lori is entitled to pursue a loss of consortium claim against the uninsured driver, and it is also clear that the damage resulted from the operation of an uninsured vehicle.

Further, the status of Lori Hinners as a "person insured" is not seriously challenged. The policy definition of "covered person" includes a family member which, it says, includes a person related "by blood, marriage or adoption" who is a resident of the household of the named insured. While it was, as Pekin points out, largely a fortuitous event that Lori happened to be residing with her father in Iowa at the time of the accident, we think it is clear that she qualifies as a "person insured," or a covered person, under the first element. She was related by blood to the named insured, and she was residing in his home.

The key question is whether Lori has established the third element of section 516A.1, the requirement that there be a "bodily injury, sickness, or disease" which is required to be compensated by the policy. This boils down to the question of whether "bodily injury" means an injury to the *covered* person, as Pekin argues, or does it also include bodily injury to another person if it causes *damage* to the covered person, such as here, where there is a loss-of-consortium claim.

Lori argues it is the latter; the coverage mandated by section 516A.1 is not limited to claims for injury to the insured; it mere-

ly requires policy coverage for damages arising out of "bodily injury." We believe there is merit in this argument; the statute appears to be quite clear on that point. If a statute is clear, there is no need to apply rules of construction. *See State ex rel. Dep't of Human Serv. v. Brooks,* 412 N.W.2d 613, 616 (Iowa 1987); *Casteel v. Iowa Dep't of Transp.,* 395 N.W.2d 896, 898 (Iowa 1986). Even if we were to conclude that section 516A.1 is subject to different interpretations, we would have to consider its purpose in order to construe it. In that connection, we have said that our uninsured motorist statute was

> written to protect the insurance consumer, not the policy vendor....
>
> It is plain the legislature intended to assure protection to an insured against motorists whose liability to the insured is not covered. Under the uninsured motorist statute we believe an automobile or motor vehicle liability policy must protect the insured in any case to the same extent as if the tortfeasor had carried liability insurance covering his liability to the insured in the amounts required to establish financial responsibility.

*Rodman v. State Farm Mut. Auto. Ins. Co.,* 208 N.W.2d 903, 909 (Iowa 1973). *Accord Griffith v. Farm & City Ins. Co.,* 324 N.W.2d 327, 329 n. 1 (Iowa 1982).

In *Sexton v. State Farm Mutual Insurance Co.,* 69 Ohio St.2d 431, 433 N.E.2d 555 (1982), a father recovered damages for the death of a daughter who resided with his former wife. The insurance policy in *Sexton* purported to exclude coverage because the father, who was the insured, was not the injured party. His daughter, who was injured, did not reside with him and therefore did not qualify as an insured party. The court said that the Ohio uninsured motorist statute required coverage for damages caused because of "bodily injury, sickness or disease" resulting from operation of the uninsured vehicle.

In addressing the specific issue involved in the present case, the Ohio court said:

> Although the statute does not indicate who must have sustained the bodily injury, it does not specify that it be the insured. Because the statute should be construed liberally, we will not add that limitation. The pertinent language of the statute requires that the insured be legally entitled to recover damages because of bodily injury. Therefore, the question here is whether the insured himself is entitled to recover damages.

*Id.* at 434–35, 433 N.E.2d at 558–59 (citation omitted) (footnote omitted). The Ohio court said that the insured was entitled to recover.

We agree that Lori Hinners was a covered person under the policy and that coverage for her damages sustained because of the bodily injury to her husband was required by Iowa Code section 516A.1. Accordingly, we affirm the denial of summary judgment.

AFFIRMED.

All Justices concur except SCHULTZ, J., and McGIVERIN, C.J., who dissent.

SCHULTZ, Justice (dissenting).

I believe that the provision of Iowa Code section 516A.1 which provides protection to the insured to recover damages "because of bodily injury, sickness, or disease, including death," does not provide coverage for the insured's loss of consortium claim. Iowa law recognizes the deprived spouse's individual ownership of the loss of consortium claim. *Madison v. Colby,* 348 N.W.2d 202, 208–09 (Iowa 1984). Therefore, the deprived spouse must recover damages based on the merit of one's own claim and not as a derivative of the physically injured spouse's claim.

This statute only provides coverage for bodily injury, sickness or disease incurred by the insured. A loss of consortium claim does not fall within the purview of the statute. It is not a bodily injury to the insured. *Sheffield v. American Indem. Co.,* 245 S.C. 389, 394, 140 S.E.2d 787, 790 (1965). "[I]f a spouse claims loss of consortium because of a bodily injury to the injured spouse, the claimant has not suffered independent bodily injury which would independently trigger uninsured motorist coverage." *No–Fault & Uninsured*

Motorist Automobile Insurance § 23.60[1][a] (1988) (citing *Zoda v. Mutual of Enumclaw Ins. Co.*, 38 Wash.App. 98, 684 P.2d 91 (1984); *Thompson v. Grange Ins. Ass'n*, 34 Wash.App. 151, 660 P.2d 307 (1983)).

Additionally, I believe the legislature intended compensation only for injuries incurred by the persons covered under the policy, and not "strangers" to the policy such as the insured's husband in this case. The uninsured motorist statute was enacted to protect the insured as if the tortfeasor had carried liability insurance. *Rodman v. State Farm Mut. Auto. Ins. Co.*, 208 N.W.2d 903, 909 (Iowa 1973). But all policies have their limits of coverage. I think the legislature enacted section 516A.1 to compensate insureds for direct physical injuries they personally sustain, not for consequential damages they may incur tangentially via physical injury to another.

McGIVERIN, C.J., joins this dissent.