[No. 24378–1–I.   Division One.   April 30, 1990.]

DAVID Y. MILLER, ET AL, *Respondents,* v. PUBLIC EMPLOYEES MUTUAL INSURANCE COMPANY, *Appellant.*

*Sidney R. Snyder, Jr., Ronald S. Dinning,* and *Merrick, Hofstedt & Lindsey,* for appellant.

*Warren J. Rheaume* and *Foster, Pepper & Shefelman,* for respondents.

SWANSON, J.—The defendant, Public Employees Mutual Insurance Company, hereinafter PEMCO, appeals the trial court's order denying its motion for summary judgment and granting summary judgment to the plaintiffs, David and Matthew Miller. We reverse.

The facts are not in dispute. On November 14, 1987, David Miller was driving his family automobile and was involved in an accident allegedly caused by the negligence of an underinsured motorist. Also present in the automobile at the time of the accident were David's wife, Nadine Miller, and their infant son, Matthew Miller. Nadine Miller suffered fatal injuries. David and Matthew suffered unspecified physical injuries which are not at issue in this case.

The Millers were insured by PEMCO under its standard auto policy. Following the accident, David and Matthew Miller and the estate of Nadine Miller made timely claims against the PEMCO policy's underinsured motorist coverage (UMC).

The PEMCO policy provided underinsured motorist coverage to the Millers in the amount of $250,000 "each person" and $500,000 "each occurrence". The underinsured motorist coverage of the policy contains the following "Limits of Coverage" provision:

> The amount shown on the "Declarations" for "each person" under this coverage is the most we'll pay in damages for *bodily injury* to any one person for any one *accident*.

> The amount shown on the "Declarations" for "each occur-rence" under this coverage is the most we'll pay in damages for *bodily injury* for any one *accident*.
>
> These limits are the most we'll pay for any one *accident* regardless of the number of *insured persons,* claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an *accident.*

PEMCO paid $250,000 to David Miller in his capacity as the estate's personal representative. This amount repre-sented the policy's "each person" limit for underinsured motorist coverage. The Millers, however, contend that this payment only satisfied the estate's wrongful death claim, which was payable under one separate "each person" limi-tation. Miller and his son, Matthew, argue that their claims for loss of consortium, parental companionship, support, and other related damages suffered because of Nadine Miller's death are payable under a separate $250,000 "each person" limit up to the $500,000 "each occurrence" limit. PEMCO refused to pay these claims, arguing that the pol-icy's $250,000 "each person" limit represents the maximum amount of insurance available to cover not only the claim of the estate but also the claims of David and Matthew for loss of consortium.

On cross motions for summary judgment, the trial court granted the Millers' motion and entered the following order which states in part:

> The Policy (as that term is used in Plaintiffs' Complaint) obliges Defendant to pay for the damages sustained by Nadine Miller under one "each person" limit and pay for the damages sustained by Plaintiff David Miller and Plaintiff Matthew Miller under a second, independent "each person" limitation;
> . . ..

PEMCO's motion was denied as was its subsequent motion for reconsideration. This appeal timely followed.

The primary issue on appeal is whether, under the terms of the PEMCO policy, the claims of David and Matthew Miller are subject to the same "each person" limit as the claims of Nadine Miller's estate or whether they are subject to a second, independent, "each person" limit. PEMCO

contends that recovery on a loss of consortium claim is limited to the same "each person" limit applicable to the bodily injury claim of the person that gave rise to the loss of consortium claim.

■■ *Zoda v. Mutual of Enumclaw Ins. Co.,* 38 Wn. App. 98, 684 P.2d 91, *review denied,* 102 Wn.2d 1018 (1984) is similar to the present case. In *Zoda,* Mr. and Mrs. Zoda were involved in an accident with an uninsured motorist which left Mrs. Zoda seriously injured. The Zodas' uninsured motorist coverage provided "$300,000 per occurrence with a $100,000 single person limit." The limits of the Zodas' uninsured motorist coverage provided:

WE WILL PAY:
1. Damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of *bodily injury* sustained by a covered person and caused by an accident.

(Italics ours.) The policy defined bodily injury as "bodily injury, sickness or disease including death resulting from these." The insurance company paid Mrs. Zoda the single person limit of $100,000 but refused Mr. Zoda's loss of consortium claim. Mr. Zoda's action on the issue was rejected by the trial court on the ground that the limits of the policy had been paid to Mrs. Zoda and that this payment included Mr. Zoda's loss of consortium claim. On appeal, we affirmed noting that damages for loss of consortium are consequential, rather than direct, damages because they arise out of a bodily injury to the spouse who can no longer perform spousal functions rather than a bodily injury to the spouse suffering the loss of consortium. Thus, Mr. Zoda's loss of consortium claim arose from "bodily injury" to Mrs. Zoda which fell within her single person "bodily injury" limit of $100,000. Mr. Zoda's damages, therefore, were "limited to those flowing from his bodily injury."

Similarly, in *Grange Ins. Ass'n v. Morgavi,* 51 Wn. App. 375, 753 P.2d 999, *review denied,* 111 Wn.2d 1009 (1988), Mr. Morgavi brought a claim for loss of consortium due to physical injury to his wife. The insurance policy provided

bodily injury coverage up to $50,000 per person and $100,000 per occurrence. The insurer tendered the $50,000 per person limit and sought declaratory judgment that it had no further exposure. Instead, the trial court entered summary judgment providing that the additional $50,000 of the per occurrence limits was available to satisfy Mr. Morgavi's claim. We reversed, holding that, absent different policy provisions, it is firmly established in Washington that "insurance indemnity for a claim for loss of consortium is restricted to the same single person limit of the policy available to indemnify for the spouse's injuries that occasioned the claim." *Morgavi*, 51 Wn. App. at 376.

A third virtually analogous case is *Thompson v. Grange Ins. Ass'n,* 34 Wn. App. 151, 660 P.2d 307, *review denied,* 99 Wn.2d 1011 (1983). In *Thompson,* Mr. Thompson was injured in the course of his employment in an auto accident caused by an uninsured motorist. Mr. Thompson's personal UMC policy limited coverage to "bodily injury sustained by one insured as a result of any one accident". Mr. Thompson's employer's UMC policy limited coverage to "bodily injury sustained by one person as a result of any one accident". Mr. Thompson sought recovery for his injuries under both policies and Mrs. Thompson sought recovery for loss of consortium under both policies. Mrs. Thompson brought a declaratory judgment action and claimed that she was entitled to bring a separate claim for loss of consortium under the UMC provisions of both policies. The trial court rejected the claim. We affirmed, holding that Mrs. Thompson had no right to recover more than the single accident limit applicable to her husband under each policy. In reaching this decision, we noted first that the terms "bodily injury sustained by one insured" and "bodily injury sustained by one person" refer to a direct physical injury to one person. The court next observed a widely held rule regarding damages for loss of consortium:

> [D]amages for loss of consortium are consequential, rather than direct, damages. They necessarily are dependent upon a bodily injury to the spouse who can no longer perform the spousal

functions; it does not arise out of a bodily injury to the spouse suffering the loss.

*Thompson,* at 161–62. Accordingly, we concluded, recovery on Mrs. Thompson's loss of consortium claim was limited to the single accident limit applicable to her husband under each policy.

In the instant case, Nadine Miller sustained the bodily injury. David and Matthew Millers' claims for loss of consortium arise from this bodily injury. The PEMCO policy UMC provision explicitly limits coverage to *"bodily injury* to any one person for any one *accident."* Therefore, based upon *Zoda, Morgavi* and *Thompson,* David and Matthew Millers' claims for loss of consortium are limited by the policy's language to Nadine Miller's single person limit of $250,000.

While loss of consortium may be the basis for an independent claim by the person suffering the loss, this does not alter settled insurance law. *Morgavi,* 51 Wn. App. at 377.

> It has long been settled in this state that, absent different policy provisions, insurance indemnity for a claim for loss of consortium is restricted to the same single person limit of the policy available to indemnify for the spouse's injuries that occasioned the claim.

*Morgavi,* 51 Wn. App. at 376.

Here, the PEMCO policy UMC provisions limit recovery of damages for *bodily injury* to any one person to $250,000. Damages for loss of consortium are consequential and arise from the bodily injury to the spouse who can no longer perform the spousal functions. *Zoda,* 38 Wn. App. at 100. The language of the PEMCO policy does not provide for separate coverage limits for loss of consortium. Therefore, while David and Matthew Miller may have an independent claim for loss of consortium, recovery is limited under the PEMCO policy to the per person policy limits that apply to Nadine's bodily injury, *i.e.,* $250,000. Because these limits have already been paid to the estate of Nadine Miller, the limits of the policy have been exhausted, relieving PEMCO of further liability under the policy.

We reverse and remand for entry of judgment in favor of PEMCO in accordance with this opinion.

SCHOLFIELD and BAKER, JJ., concur.

Review denied at 115 Wn.2d 1012 (1990).