584 So.2d 1223 (1991)
Dennis Neil SHARFF and Elizabeth H. Sharff, Plaintiffs-Appellants,
v.
The OHIO CASUALTY INSURANCE CO., et al., Defendants-Appellees.
No. 22685-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
Writ Denied November 15, 1991.
Touchstone and Wilson by David M. Touchstone, Shreveport, for plaintiffs-appellants.
Mayer, Smith and Roberts by Richard G. Barham, Shreveport, for defendant-appellee The Ohio Cas. Ins. Co.
Blanchard, Walker, O'Quin & Roberts by Reginald W. Abrams, Shreveport, for defendant-appellee Travelers Ins. Co.
Before MARVIN, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The plaintiffs, Dennis Neil Sharff, and his mother, Elizabeth H. Sharff, appeal from a summary judgment rendered by the trial court in favor of defendant, Travelers Insurance Company, denying Mrs. Sharff's claim for loss of consortium. The court found that Mrs. Sharff could not recover for loss of consortium under Travelers' policy because Dennis Sharff's personal injury claim exhausted the per person policy limit. We affirm.

FACTS
This case arises from a one car automobile accident. During the early morning hours of February 8, 1989, Dennis Neil Sharff was a passenger in a vehicle driven by Lisa Manasco and owned by her relative, Betty Tullos. Ms. Manasco was driving northbound on Clyde Fant Parkway in Shreveport when she lost control of the vehicle and ran off the road. Mr. Sharff was thrown from the vehicle and suffered a broken neck which has left him a quadraplegic.
Mr. Sharff settled with Ms. Manasco's liability insurer. He and his mother then filed suit against Travelers Insurance Company (Travelers), Ms. Tullos' insurer, and Ohio Casualty Insurance Company, Mrs. Sharff's insurer. The Travelers insurance policy contained a $50,000 per person limit for bodily injury and a $100,000 aggregate limit per accident. Travelers paid Mr. Sharff the $50,000 per person policy limit *1224 for bodily injury, as well as $2,500 for medical payments provided by the policy.
In July, 1990, Travelers filed a motion for summary judgment, claiming that its payment of the per person limits under its policy discharged its obligation to the plaintiffs.[1] However, the plaintiffs contend that Mrs. Sharff's claim for loss of consortium constitutes a separate injury claim and should be covered by the $100,000 per accident policy limit.
On August 29, 1990, judgment was filed by the trial court granting Travelers' motion for summary judgment. In reasons for judgment, the trial court found that Mrs. Sharff's claim for loss of consortium was a derivative claim arising from her son's bodily injury claim and was thereby limited by the $50,000 per person policy limit. Since Dennis Sharff's injuries far exceeded the $50,000 per person limit, Mrs. Sharff was not allowed any recovery on her claim for loss of consortium.

SUMMARY JUDGMENTCLAIM FOR LOSS OF CONSORTIUM
In plaintiffs' appeal, they contend that Mrs. Sharff is another person injured by this accident and therefore her claim is not limited to the $50,000 per person limit for bodily injury already paid to her son. She contends that her claim is recoverable under the $100,000 per accident policy limit. Therefore, the plaintiffs contend the trial court erred in rendering a summary judgment in favor of Travelers.
Travelers relies upon the Louisiana jurisprudence which holds that a consortium claim is not a claim for bodily injury and is only derivative, arising out of the injuries caused to others. Based on this jurisprudence, Travelers urges that the summary judgment should be affirmed.
To the contrary, the plaintiffs argue that jurisprudence from other states holds that loss of consortium claims are separate and distinct injuries and therefore recovery for such claims is not subject to the per person bodily injury limits of insurance policies. We find the plaintiffs' argument to be meritless.
The right to recover damages for loss of consortium is provided in LSA-C.C. Art. 2315:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
Motions for summary judgment are governed by LSA-C.C.P. Art. 966 which provides in pertinent part:
The plaintiff or defendant in the principal or incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
A motion for summary judgment is to be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to recovery as a matter of law. LSA-C.C.P. Art. 966; Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App. 2d Cir. 1984).
The issue in this case is whether the trial court correctly found that the mother's claim for loss of consortium was derivative from her son's bodily injury claim and therefore both claims were limited to the $50,000 per person bodily injury limit of the policy.
The insurance policy in this case does not define bodily injury. However, it does provide in Part A that:
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident....
*1225 "Covered person" as used in this part means:
1. You or any family member for the ownership, maintenance or use of any auto or trailer.
2. Any person using your covered auto.
3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part ...
Regarding the limit of liability, the policy also provides that:
The limit of liability shown in the Declarations for "each person" for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for bodily injury liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident....
The plaintiffs argue that the issue of whether a claim for loss of consortium is derivative of a personal injury claim has arisen all across the country and a large body of jurisprudence has developed holding that such claims are distinct and individual injuries, compensable as separate injuries and therefore recovery is not limited to the per person limit for bodily injury.[2]
However, the defendant, Travelers, has also cited numerous cases from other states in which the courts have found that loss of consortium claims are secondary to bodily injury claims and are limited to the per person limits for liability.[3]
No clear rule can be discerned from examining the disparate results reached in the jurisprudence cited by both parties from other jurisdictions. Rather, we choose to follow the emerging rule in the Louisiana jurisprudence regarding this issue.
In Albin v. State Farm Mutual Automobile Insurance Company, 498 So.2d 171 (La.App. 1st Cir.1986), writ denied 498 So.2d 1088 (La.1986), a husband was injured in an automobile accident and damages for his injuries exceeded the $10,000 per person bodily injury limit of the insurance policy. The wife was not physically injured but claimed loss of consortium. The court was called upon to consider whether a claim for loss of consortium, in the absence of any physical injury on the part of the claimant, was a bodily injury within the meaning of an automobile liability insurance policy which is similar to the policy in the instant case. The court concluded that "bodily injury" generally refers only to injury to the body, or to sickness or disease contracted as a result of injury and that the wife's loss of consortium injuries did not fit that definition. The court held that the loss of consortium and society, especially in the absence of any physical manifestations or injuries to the claimant resulting from such loss, is not a bodily injury within the meaning of the automobile liability policy construed in that case.
*1226 In Carroll v. State Farm Insurance Company, 519 So.2d 265 (La.App. 5th Cir. 1988), writ denied 520 So.2d 756 (La.1988), the wife was injured in an automobile accident. The husband, who was not injured in the accident, made a claim for loss of consortium. He alleged that he was a second injured person because, while performing housework normally done by his wife, he aggravated his preexisting back injury. The defendant insurance company filed a motion for summary judgment claiming that the claims of both the husband and wife were limited to the $10,000 per person limit for bodily injury. The court denied the husband's claim. The court stated that a review of the jurisprudence did not reveal any Louisiana Supreme Court case in which a plaintiff was allowed recovery against an insurer for bodily injury as a second injured person when that person was not involved in the accident. The court went on to hold that there was no reasonable interpretation of the insurance policy in that case under which coverage to the husband could be afforded.
The Carroll case was cited with approval in McKenzie and Johnson, Insurance, 49 La.L.Rev. 349 (1988). The commentators there stated that the Carroll case was correct in holding that the husband's claim was not a separate and distinct bodily injury but that his claim arose out of and was therefore an extension of the wife's claim for bodily injury. They further stated that the court correctly reasoned that since there was bodily injury to only one person, a single "per person" limit governed both the wife's claim for personal injuries and the husband's claim for loss of consortium.
In Shepard v. State Farm Mutual Automobile Insurance Company, 545 So.2d 624 (La.App. 4th Cir.1989), writs denied 550 So.2d 627, 628 (La.1989), the Fourth Circuit Court of Appeal relied upon the reasoning in Albin and Carroll, in deciding a case that is factually very similar to the present case. In Shepard, a son was injured and his parents claimed damages for loss of consortium. The son's injuries were so severe that the amount of his damages exceeded the per person policy limit for bodily injury. The court found that there was no dispute that the parents had a right of action for loss of consortium, service and society under LSA-C.C. Art. 2315 arising out of the injury to their son. However, the court stated that the claim for loss of consortium is a derivative claim of the primary victim's injuries. Because the right of action and the claim for loss of consortium are derived from the injured person's injuries, recovery is restricted to the per person limits. If the injured party exhausts the per person limits, the derivative claim is extinguished.
The reasoning employed by our brethren in the First, Fourth, and Fifth Circuit Courts of Appeal is persuasive in this case. Therefore, we find that Mrs. Sharff's claim for loss of consortium is derivative, arising from her son's claim for bodily injury and therefore the single per person limit governs both the son's claim for personal injuries and the mother's claim for loss of consortium. The trial court was correct in sustaining the motion for summary judgment in favor of the defendant, Travelers Insurance Company.

CONCLUSION
For the above reasons, we affirm the trial court judgment in favor of the defendant, Travelers Insurance Company. Costs are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] Ohio Casualty filed a motion for summary judgment on August 9, 1990 on grounds different from those asserted by Travelers. The record does not show whether the trial court has ruled on the Ohio Casualty motion for summary judgment. In this appeal, we are concerned only with the motion for summary judgment filed by Travelers.
[2] The cases cited by the plaintiffs include Giardino v. Fierke, 160 Ill.App.3d 648, 112 Ill.Dec. 559, 513 N.E.2d 1168 (2d Dist.1987); Spaete v. Automobile Club Inter-Insurance Exchange, 736 S.W.2d 480 (Mo.App.1987); Allstate Insurance v. Handegard, 70 Or.App. 262, 688 P.2d 1387 (1984); Allstate Insurance Company v. Fibus, 855 F.2d 660 (9th Cir.1988); State Farm Mutual Automobile Insurance v. Ramsey, 297 S.C. 71, 374 S.E.2d 896 (1988); Abellon v. Hartford Insurance Company, 167 Cal.App.3d 21, 212 Cal. Rptr. 852 (4th Dist.1985); Bilodeau v. Lumbermens Mutual Casualty Company, 392 Mass. 537, 467 N.E.2d 137 (1984).
[3] The cases cited by the defendant include Stillman v. American Family Insurance, 162 Ariz. 594, 785 P.2d 114 (App.1190); Miller v. Public Employees Mutual Insurance Company, 58 Wash.App. 870, 795 P.2d 703 (1990); United Pacific Insurance Company v. Edgecomb, 41 Wash.App. 741, 706 P.2d 233 (1985); South Carolina Insurance Company v. White, 82 N.C. App. 122, 345 S.E.2d 414 (1986); Landsinger v. American Family Mutual Insurance Company, 142 Wis.2d 138, 417 N.W.2d 899 (App.1987); Greenberg v. Medi-Cab, Inc. of New York, 114 Misc.2d 104, 451 N.Y.S.2d 335 (N.Y.Sup.Ct.1982); Cross v. Country Companies, 188 Ill.App.3d 847, 136 Ill.Dec. 471, 544 N.E.2d 1246 (4th 1989); Whitney v. Nationwide Mutual Insurance Company, 151 Vt. 510, 562 A.2d 467 (1989); Moore v. State Farm Mutual Insurance Company, 710 S.W.2d 225 (Ky.1986); Montgomery v. Farmers Insurance Group, 585 F.Supp. 618 (U.S.Dist.Ct. S.D.Indiana 1984).