**Aneva Rose MOORE, Movant,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Respondent.**

Supreme Court of Kentucky.

May 22, 1986.

Paul M. Lewis, Barry Birdwhistell, Lewis, Bland & Preston, Elizabethtown, for movant.

Harold K. Huddleston, Huddleston & Vanzant, P.S.C., Elizabethtown, for respondent.

Kevin George, Louisville, amicus curiae.

STEPHENS, Chief Justice.

The issue before us is whether a spouse's claim of loss of consortium falls under the purview of an insurance policy covering "all damages arising out of bodily injury sustained by one person" where the company has already paid the policy limit to the physically injured spouse.

The trial court granted movant summary judgment and awarded her $50,000 for loss of consortium. The Court of Appeals reversed, holding that State Farm Mutual Insurance Company had already paid the applicable policy limit. We affirm.

The respondent's insured negligently caused a car accident on July 18, 1978 in which movant's husband was very seriously injured. Movant was a passenger in the car but sustained only minor physical injuries. The insured's policy had a $50,000 limit per person and a $100,000 limit per accident. The salient provisions of the policy are as follows:

"COVERAGE A—BODILY INJURY LIABILITY

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

(A) bodily injury sustained by other persons, ... caused by accident arising out of the ownership, maintenance or use ... of the owned motor vehicle;

.    .    .    .    .

LIMITS OF LIABILITY

Coverage A. The limit of liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages arising out of bodily injury sustained by one person in any one accident, and subject to this provision, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all such damages for bodily injury sustained by two or more persons in any one accident.

.    .    .    .    .

DEFINITIONS

.    .    .    .    .

*Bodily Injury*—means bodily injury, sickness or disease including death at any time resulting therefrom.

*Damages*—wherever used with respect to coverage A includes damages for care and loss of services."

Movant's husband settled his claim for $50,000 under the per person limit. On July 13, 1979 after this settlement was made, movant filed suit against respondent's insured for her own personal injuries and for loss of consortium. The trial court dismissed movant's personal injuries claim because the amount failed to exceed the threshold under the no-fault law. KRS 304.39–060(2)(a), (b). The jury awarded movant $50,000 on the loss of consortium claim. Movant executed on the judgment against the insured, but no property was found. The case at bar was then instituted against the respondent insurance company.

█ Movant claims that under the Motor Vehicle Reparations Act (MVRA) the insurance contract is deemed to provide security for payment of tort liability. KRS 304.39–100(1); KRS 304.39–080(5). She then argues that loss of consortium is a tort liability which must be provided for under the MVRA. To reach this conclusion movant has ignored this Court's decision in *Floyd v. Gray*, 657 S.W.2d 936 (1983). There, a spouse sought to recover for loss of consortium, but did not file suit until more than a year after the injury. She tried to by-pass the one year statute of limitation for loss of consortium (KRS 413.140(a)) by claiming that the two year statute of limitations in the Motor Vehicle Reparations Act applied to her suit. We held that "[l]oss of consortium is not a recoverable injury within the purview of the MVRA". *Id.* at 938. Thus, any recovery for loss of consortium is independent of the Motor Vehicle Reparations Act.

█ In this case movant correctly complied with KRS 411.145 and KRS 413.140(a) in filing an action for loss of consortium but was unable to execute her judgment against the insured and so she proceeded against the insurance company. The only recovery available to movant, then, is under the private insurance contract. Respondent contends, and we agree, that loss of consortium falls under the "per person" limit in the contract, which has already been exhausted, instead of the "per accident" limit. In order to recover under the "per accident" limit the insured's policy clearly states that two or more people must have sustained bodily injury. Movant's personal injuries did not exceed the no-fault threshold under the MVRA and, thus, she is precluded from recovery under the "per accident" limit.

Furthermore, we adopt the view of a legal commentary which states:

"Under policies fixing a maximum recovery for "bodily" injury to one person, ... the limitation [is] applicable to all claims of damage flowing from such bodily injury, and that therefore it is immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries. In other words, all damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation." 13 ALR3d 1228, 1234.

We affirm the Court of Appeals' reversal of the trial court.

STEPHENS, C.J., and GANT, STEPHENSON, VANCE, WHITE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs in a separate concurring opinion.

LEIBSON, Justice, concurring.

I concur in this Opinion because it utilizes the standard interpretation applied to the limits of liability provision in an automobile liability policy when a spouse makes a loss of consortium claim. "[A]ll damages arising out of bodily injury sustained by one person" has been traditionally accepted as limiting the insurer's dollar amount liability on the basis of the *number* of persons receiving bodily injury, rather than the number of separate claims deriving from each bodily injury. I do not perceive that this traditional interpretation conflicts with the reasonable expectations of the insured when he purchases the policy.

On the other hand, I believe it important to point out the fundamental conflict between this result and the result reached by our Court in *Floyd v. Gray,* Ky., 657 S.W.2d 936 (1983).

In *Floyd v. Gray,* we treated loss of consortium as "an independent cause of action," not included within the two years' statute of limitations for tort liability provided by the Motor Vehicles Reparations Act (MVRA) for injuries from motor vehicle accidents where the cause of action has not been abolished by the Act. This treatment disregards the derivative nature of the loss of consortium claim, viz., although a separate cause of action it derives from the bodily injury suffered in the motor vehicle accident by one's spouse. My Dissenting Opinion in *Floyd v. Gray* stated:

"The basic problem with the majority opinion is failure to recognize the true nature of the action for damages for loss of consortium. Such an action is derivative in nature, arising out of and dependent upon the right of the injured spouse

to recover. Mrs. Gray's claim arises out of the same personal injury as does her husband's claim. It is from the same cause [bodily injury to her husband]." 657 S.W.2d at 941.

The contradiction between the correct result reached in the present case and the incorrect result reached in *Floyd v. Gray* should be remedied by reversing *Floyd v. Gray* at the first opportunity. *Floyd v. Gray* should be reconciled with the present holding.