692 So.2d 1146 (1997)
Monica Lynn Benoit CONNER, et al., Plaintiffs-Appellants,
v.
Cynthia Ann STANFORD, et al., Defendants-Appellees.
No. 96-1211.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
Rehearing Denied May 20, 1997.
*1147 James Michael Stefanski, Crowley, for Monica Conner, et al.
Matthew Joseph Hill, Jr., Lafayette, for Cynthia Stanford, et al.
A. Gretchen Heider, Lafayette, for State Farm Mut. Auto. Ins. Co.
Before DECUIR, AMY and SULLIVAN, JJ.
DECUIR, Judge.
This matter arises out of an automobile accident on July 22, 1994, on La. Hwy. 97 in Acadia Parish resulting in the death of Gary Joseph Connor and injuries to his surviving spouse, Monica Lynn Benoit Conner. Monica Lynn Benoit Conner filed suit individually, and on behalf of her three minor children born of her marriage with the decedent, against Cynthia Ann Stanford, Mark Doucet and State Farm Mutual Automobile Insurance Company. Plaintiffs appeal from the judgment of the trial court granting a motion for summary judgment in favor of defendants State Farm and Cynthia Stanford.
Plaintiffs allege that the accident occurred when defendant Stanford, driving a vehicle owned by Mark Doucet, rear-ended a vehicle being driven by Mark Rose. Allegedly, as a result of this collision, the Rose vehicle crossed the center line of the highway into the path of the vehicle driven by the decedent and in which Monica Conner was a passenger. The Conner children were not passengers in the Conner vehicle, nor did these children come to the accident scene.
At the time of the accident, State Farm had in effect a policy of insurance issued to Mark Doucet covering the vehicle being driven by defendant Stanford and providing coverage limits of $100,000 per person/$300,000 per accident. State Farm paid $200,000 under the terms of the policy. State Farm also paid $50,000 in uninsured/underinsured motorists coverage under a policy issued to the Conners. Thereafter, defendants filed a motion for summary judgment on the grounds that the minor children have only derivative claims which are expressly included within the per person limits of their parents' bodily injury claims, and since policy limits were paid in full, defendants were entitled to summary judgment as a matter of law. Plaintiffs opposed the motion contending that the mental anguish allegedly suffered by the minor children as a result of the loss of their father *1148 is a separate and distinct category of damages entitling the children to a separate per person limit under the insurance policy.
The first issue to be addressed is whether the minor children are entitled to the remaining $100,000 per person limit under the terms of the State Farm policy.
The trial court found that two persons received bodily injury under the terms of the policy at issue; that the Conner children's claims for anguish and grief arising from the death of their father and loss of consortium claims are payable under the same two $100,000 per person limits already paid; that the Conner children do not have separate causes of action for mental anguish and emotional distress under La.Civ.Code art. 2315.6 because the children did not witness the accident nor come upon the scene soon thereafter and, therefore, are not entitled to recover a separate "per person" limit under the policy. We agree.
Claims for loss of consortium and mental anguish resulting from bodily injury to another are payable from the same limit of liability coverage as the injured person's bodily injury claim. Sandoz v. State Farm Mut. Auto. Ins. Co., 620 So.2d 441 (La.App. 3 Cir.1993); Remedies v. Lopez, 560 So.2d 118 (La.App. 3 Cir.), writ denied, 563 So.2d 1155 (La.1990). Plaintiffs contend that the trial court erred in disregarding the recent Louisiana Supreme Court case of Crabtree v. State Farm Insurance Company, 93-0509 (La.2/28/94); 632 So.2d 736. However, Crabtree is not dispositive of the issue in the case sub judice. The court in Crabtree held that under the policy language, "bodily injury to one person does not encompass Mrs. Crabtree's Lejeune claim." In other words, a Lejeune claim under La.Civ.Code art. 2315.6 is a separate cause of action for persons who view an event causing injury to another, or who come upon the scene soon thereafter. The court in Crabtree held that the plaintiff's Lejeune claim was a bodily injury claim subject to a separate per person limit. It is undisputed that the Conner children were not involved in the accident, did not witness the accident, and did not come upon the scene shortly thereafter. Therefore, the children do not have a separate Lejeune cause of action entitling them to recover under a separate per person limit under the terms of the policy in question.
Lastly, plaintiffs contend that the trial court overlooked their claims for exemplary damages under La.Civ.Code art. 2315.4 based upon allegations that Cynthia Stanford was intoxicated at the time of the accident and her intoxication was a cause-in-fact of the accident. The judgment of the trial court is silent as to plaintiffs' claims against Cynthia Stanford under La.Civ.Code art. 2315.4, and the record reflects that the trial court denied plaintiffs' attempt to amend the judgment to reserve their claims against defendants. We conclude that the trial court erred in dismissing plaintiffs' claims against defendants under La.Civ.Code art. 2315.4. We reverse that portion of the judgment and remand to the district court for a trial on plaintiff's claim under La.Civ.Code art. 2315.4.
The judgment of the trial court is reversed as to plaintiffs' claims against defendants pursuant to La.Civ.Code art. 2315.4. The judgment is affirmed in all other respects. Costs of appeal are assessed one-half to plaintiffs and one-half to defendants.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
AMY, J., concurs and assigns reasons.
AMY, Judge, concurring.
In my view, the plaintiffs' claims under La.Civ.Code art. 2315.4, while not derivative in the same sense as the consortium claims, are dependent upon the existence of injuries to a person who, to be covered under this policy, experienced bodily injury or property damage. Therefore, the claims for exemplary damages under La.Civ.Code art. 2315.4 are covered under the policy, but limited to the per person limits which have already been reached; however, these claims may still be satisfied from the tortfeasor. In my opinion, the children's claims for exemplary damages do not create a separate per person limit under this policy because exemplary damages are not within the definition of "bodily injury" and the children have no other *1149 bodily injury as they would have, had a Lejeune claim existed. See Crabtree v. State Farm Ins. Co., 93-0509 (La.2/28/94); 632 So.2d 736.
Therefore, I conclude that State Farm paid its policy limits and was entitled to summary judgment; although the same cannot be said for Stanford. Accordingly, only a reversal of the dismissal of plaintiffs' La.Civ.Code art. 2315.4 claims against Stanford, is called for. As to these claims, I would remand for further proceedings.