John P. DALEY; and Allstate Insurance Company, Appellants,

v.

James REED, Administrator of the Estate of Robin Reed, et al., Appellee.

and

ALLSTATE INSURANCE COMPANY, Appellant,

v.

James REED, Administrator of the Estate of Robin Reed, et al., Appellee.

Nos. 2000–SC–0703–DG, 2000–SC–0744–DG.

Supreme Court of Kentucky.

Oct. 17, 2002.

Susanne M. Cetrulo, Cetrulo & Mowery, P.S.C., Crescent Springs, Counsel for Appellant, for John P. Daley.

Thomas R. Yocum, Benjamin Yocum & Heather, Cincinnati, Counsel for Appellant, Allstate Insurance Company, DKT No. (2002-SC-0703-DG).

Susanne M. Cetrulo, Cetrulo & Mowery, P.S.C., Cresent Springs, Thomas R. Yocum, Benjamin Yocum & Heather, Cincinnati, Counsel for Appellant, Allstate Insurance Company, DKT. No. (2000-SC-0703-DG).

Eric C. Deters, Ashley Scott McDavid, Eric C. Deters & Assoc., Ft. Mitchell, Stuart Paul Brown, Bogucki, Knoebel & Vice, Maysville, Counsel for Appellee James Reed, Administrator of the Estate of Robin Reed, DKT. No. (2000-SC-0703-DG).

Eric C. Deters, Eric C. Deters & Assoc., Ft. Mitchell, Counsel for Appellee James Reed, Administrator of the Estate of Robin Reed, et al., DKT No. (2000-SC-0744-DG).

A. Campbell Ewen, Angela D. Lucchese, Ewen Kinney & Rosing, Lousiville, Counsel for Amicus Curiae National Assoc. of Independent Insurers.

Douglas L. Hoots, Landrum & Shouse, LLP, Counsel for Amici Curiae, Alliance of American Insurers and Insurance Institute of Kentucky.

D. Craig Dance, Greenebaum Doll & McDonald, PLLC, Lexington, Donald L.

Miller, II, Frost Brown Todd, LLC, Louisville, Robert L. Steinmetz, Laura M. Haara, Brown, Todd & Heyburn, PLLC, Louisville, for Counsel for Amici Curiae Progressive Max Ins. Co., and Grange Mutual Ins. Co.

COOPER, Justice.

In *Moore v. State Farm Mutual Ins. Co.*, Ky., 710 S.W.2d 225 (1986), we held that a claim for loss of spousal consortium is payable under the "each person" limit, not the "each accident" limit, of a policy of automobile liability insurance. The issue raised by this appeal is whether that holding applies as well to a claim for loss of parental consortium. We conclude that it does.

Robin Reed was killed when the vehicle she was operating was struck from the rear by a vehicle owned and operated by Appellant John P. Daley. Reed was alone in the vehicle at the time of the accident. Her husband, Appellee James Reed, as administrator of her estate, filed a wrongful death action against Daley in the Boone Circuit Court. KRS 411.130. Upon rendition of this Court's opinion in *Giuliani v. Guiler*, Ky., 951 S.W.2d 318 (1997), Reed filed an amended complaint, this time as next friend of the Reeds' four minor children, seeking damages for loss of parental consortium. Daley's vehicle was insured by a policy of liability insurance issued by Appellant Allstate Insurance Company. The applicable provisions of that policy are as follows:

**Limits of Liability**

The sum of the coverage limits shown on the declarations page for this coverage for:

1. "each person" is the maximum we will pay for damages arising out of *bodily injury to one person* in any one motor vehicle accident, *including damages sustained by anyone else as a result of that bodily injury.*

2. "each accident" is the maximum we will pay for damages arising out of *bodily injury to two or more persons* in any one motor vehicle accident. This limit is subject to the limit for "each person."

(Emphasis added, original emphasis deleted.)

The declarations page of the policy states the coverage limits as $100,000 for each person and $300,000 for each accident.[1] The policy defines "bodily injury" as "bodily injury, sickness, disease, or death." James Reed, as administrator of the estate, settled the wrongful death action for $100,000, exhausting the coverage limit for "each person." The children assert that their claims for loss of parental consortium are payable from the additional $200,000 coverage available for "each accident." Relying on *Moore, supra,* the Boone Circuit Court held that the children's claims fell within the "each person" coverage of Allstate's policy. The Court of Appeals reversed. We now reverse the Court of Appeals and reinstate the Order of the Boone Circuit Court.

We note at the outset that virtually every jurisdiction that has addressed this issue has concluded that loss of consortium is not a separate "bodily injury" but is derivative of the injured party's bodily in-

---

1. Actually, the declarations page states "300,-000 each occurrence." No party to this action suggests that any significance should be given to the variance in the language of the declarations page ("occurrence") and that of the policy ("accident"), presumably because if "occurrence" does not mean "accident," the $300,000 limit would not apply to any coverage described in the policy.

jury claim; and, thus, a claim for loss of parental consortium falls within the "each person" limit of the policy's coverage. *Westfield Ins. Co. v. DeSimone,* 201 Cal. App.3d 598, 247 Cal.Rptr. 291, 295 (1988); *Conner v. Stanford,* 692 So.2d 1146, 1148 (La.Ct.App.1997); *Auto Club Ins. Ass'n v. Lanyon,* 142 Mich.App. 108, 369 N.W.2d 269, 271 (1985); *State Farm Mut. Auto. Ins. Co. v. Chambers,* 860 S.W.2d 19, 22 (Mo.Ct.App.1993); *Smock v. Hall,* 132 Ohio App.3d 478, 725 N.E.2d 673, 675 (1999); *Miller v. Public Employees Mut. Ins. Co.,* 58 Wash.App. 870, 795 P.2d 703, 705–06 (1990); *Federal Kemper Ins. Co. v. Karlet,* 189 W.Va. 79, 428 S.E.2d 60, 64 (1993); *Richie v. American Family Mut. Ins. Co.,* 140 Wis.2d 51, 409 N.W.2d 146, 148 (1987); *cf. Lepic v. Iowa Mut. Ins. Co.,* 402 N.W.2d 758, 765 (Iowa 1987) (parent's claim for loss of child's consortium falls within the "each person" limit). The Court of Appeals' reliance on *Giardino v. Fierke,* 160 Ill.App.3d 648, 112 Ill.Dec. 559, 513 N.E.2d 1168 (1987) and *Bilodeau v. Lumbermens Mutual Cas. Co.,* 392 Mass. 537, 467 N.E.2d 137 (1984) was misplaced. The insurance policy in *Giardino* defined "bodily injury" as "bodily injury, sickness, disease, death, *or loss of services which result from it,*" 112 Ill.Dec. 559, 513 N.E.2d at 1172 (emphasis added), whereas Allstate's policy defines "bodily injury" only as "bodily injury, sickness, disease, or death." And *Bilodeau* was abrogated within a year of its rendition when the Massachusetts Commissioner of Insurance changed the language of the state's mandatory insurance endorsement for the specific purpose of counteracting the decision in *Bilodeau. Liberty Mut. Ins. Co. v. Comm'r of Ins.,* 395 Mass. 765, 481 N.E.2d 1373, 1375 (1985); *see McNeill v. Metropolitan Prop. & Liab. Ins. Co.,* 420 Mass. 587, 650 N.E.2d 793, 796 (1995) (noting that new language superseded *Bilodeau* interpretation).

The Reed children rely primarily on the statement in *Giuliani v. Guiler, supra,* that a loss of consortium claim "is independent and separate from a wrongful death action and shall not be treated as a single claim." 951 S.W.2d at 322. *Giuliani,* however, did not intend by that language to change the law applicable to insurance coverage for loss of consortium claims or to make new law applicable only to claims for loss of parental consortium. In fact, *Giuliani* specifically cited for its "separate and independent" proposition to *Department of Education v. Blevins,* Ky., 707 S.W.2d 782, 785 (1986), which used identical language in addressing a claim by parents for the loss of a child's consortium. KRS 411.135. *Giuliani* and *Blevins* were both addressing an argument that a loss of consortium claim is essentially subsumed in a wrongful death action. What *Giuliani* and *Blevins* both held in that respect was that a claim for loss of consortium in which a *survivor* seeks damages for the loss of the decedent's companionship, services, etc., is a separate and independent cause of action from a wrongful death claim in which the *decedent's estate* seeks damages for the loss of the decedent's power to labor and earn money.

Of course, the existence of a cause of action for damages does not mean that those damages are *ipso facto* recoverable from a particular policy of insurance. *See Kentucky Central Ins. Co. v. Schneider,* Ky., 15 S.W.3d 373, 375 (2000). *Giuliani* and *Blevins* were construing statutory and common law rights of action, not insurance policies. Of more significance to the issue raised in this case is the additional observation in *Blevins* that "both the personal injury and loss of consortium claim *derive from the same injury.*" 707 S.W.2d at 785 (emphasis added).

The Reed children attempt to distinguish *Moore v. State Farm, supra,* be-

cause the insurance policy in *Moore* defined "damages" as including "damages for care and loss of services" whereas Allstate's policy contains no definition of the term "damages." This argument is a distinction without a difference. *DeSimone, supra*, 247 Cal.Rptr. at 293–94. If the word "damages" in Allstate's policy does not include "damages for care and loss of services," there is no coverage at all for damages for loss of consortium. Regardless, *Moore* did not rest its holding on the definition of "damages" but on the definition of "bodily injury." 710 S.W.2d at 226.

Under Daley's Allstate policy, damages "arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury," fall within the coverage limit for "each person." Damages for wrongful death and damages for loss of consortium "derive from the same injury." *Blevins, supra*, at 785. Thus, we conclude that the loss of consortium claims of the Reed children against Daley are derivative of the wrongful death claim of their mother's estate and fall within the "each person" limit of Daley's Allstate policy.

Accordingly, we reverse the Court of Appeals and remand this case to the Boone Circuit Court for a final resolution of the Reed children's claims against Daley.

All concur.