RENDERED: OCTOBER 20, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2021-SC-0435-DG

THE CITY OF BARBOURVILLE, KENTUCKY;          APPELLANTS
AND BARBOURVILLE WATER &
RECREATION PARK A/K/A
BARBOURVILLE WATER PARK

          ON REVIEW FROM COURT OF APPEALS
V.                  NO. 2019-CA-1622
          KNOX CIRCUIT COURT 2017-CI-00229

EVELYN HOSKINS AND HAROLD HOSKINS          APPELLEES

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**<u>AFFIRMING IN PART AND REVERSING IN PART</u>**

Evelyn Hoskins sustained burns on the bottom of her feet after visiting
Barbourville Water Park, which is owned by the City of Barbourville ("the City").
Hoskins sued the City under theories of premises liability, strict liability, and
breach of contract.[1]  The trial court granted summary judgment in favor of the
City on all claims.  The Court of Appeals affirmed the trial court on the strict
liability and breach-of-contract claims but reversed the trial court's judgment
on the premises-liability claim, concluding that the questions of reasonability

---

[1] Harold Hoskins also brought a claim for loss of spousal consortium with
Evelyn, his wife.  Because we ultimately affirm the trial court's grant of summary
judgment for the City on all of Evelyn Hoskins's claims, Harold Hoskins's claim fails as
a matter of law.  *See Daley v. Reed*, 87 S.W.3d 247, 248 (Ky. 2002); *see also Metzger v.
Auto-Owners Ins. Co.*, 607 S.W.3d 695, 698 (Ky. 2020).

and foreseeability required submission to the jury. Finding the reasoning of the trial court to be sound, we now affirm the Court of Appeals' decision on the strict-liability and breach-of-contract claims, but we reverse the Court of Appeals and reinstate the trial court's grant of summary judgment to the City on Hoskins's premises-liability claim.

## I.  FACTUAL AND PROCEDURAL HISTORY

Evelyn Hoskins visited the Barbourville Water and Recreation Park for approximately two hours on July 27, 2016. She claims to have spent about ten minutes that day walking on the concrete sidewalks and walkways at the water park.

Hoskins suffers from diabetic neuropathy, which causes a loss of protective sensation in her feet. While at the water park, Hoskins did not experience any discomfort in her feet. But when she returned home, her daughter remarked that blisters appeared on the soles of Hoskins's feet. Hoskins self-treated the affected areas, but after four days, she sought professional medical treatment for her feet. Because the blistered area became infected, Hoskins's left small toe and a portion of her foot required amputation.

Hoskins sued the City, bringing strict-liability, premises-liability, and breach-of-contract claims. The trial court granted summary judgment for the City on all claims, finding no disputes of material fact and no breach by the City of any duty owed to Hoskins. The trial court found that operation of a water park was not an ultra-hazardous activity that created strict-liability for the City. The trial court also held that Hoskins's payment of admission to the

2

waterpark did not create a contract upon which breach-of-contract claims could arise. Lastly, the trial court ruled that Hoskins's premises-liability claim failed because the allegedly sun-heated sidewalks did not pose an unreasonable risk of harm and the injury she sustained was not foreseeable.

The Court of Appeals affirmed the decision of the trial court on strict liability and breach of contract.[2] But the Court of Appeals reversed the trial court's grant of summary judgment on the premises-liability claim. The Court of Appeals stated that "breach of duty is an issue of fact to be decided by the jury, not the trial court" and concluded that a jury must assess both the reasonability of the risk and the foreseeability of the harm. Lastly, the Court of Appeals stated that "we cannot conclude that the hazard at issue here could not be corrected by any means or that it is beyond dispute that the landowner did all that was reasonable to correct or warn of the situation."

## II.     STANDARD OF REVIEW

"The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law."[3] "Because summary judgment

---

[2] The City's Motion for Discretionary Review only sought this Court's review of the Court of Appeals' decision on premises liability. Because Hoskins failed to file a Cross-Motion for Discretionary Review addressing the Court of Appeals' affirmation of the trial court's grants of summary judgment on strict liability and breach of contract, we do not review those issues in this opinion. *See Fischer v. Fischer,* 348 S.W.3d 582, 597 (Ky. 2011).

[3] *Hammons v. Hammons,* 327 S.W.3d 444, 448 (Ky. 2010).

3

does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions."[4]  In such cases, this Court reviews the issue de novo.[5]

## III.  ANALYSIS

In any negligence case, the plaintiff must prove the following elements in order to prevail over the defendant: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury."[6]  A negligence claim brought under a theory of premises liability asserts that a land possessor has violated his duty to maintain his premises in a reasonably safe manner.[7]  Historically, the scope of the duty owed by a land possessor was dependent upon the status of one claiming injury as either a trespasser, a licensee, or an invitee.[8]

In this case, Hoskins was an invitee at the water park because she was "an individual present on the premises at the explicit or implicit invitation of

---

[4] *Id.* (citing *Malone v. Ky. Farm Bureau Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky. 2009)).

[5] *Id.* (citing *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007)).

[6] *Pathways v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (internal citations omitted).

[7] *Smith v. Smith*, 563 S.W.3d 14, 16 (Ky. 2018) (citing *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 909 n.28 (Ky. 2013)).

[8] *Bramlett v. Ryan*, 635 S.W.3d 831, 836 (Ky. 2021) (citing *Kentucky & W. Va. Power Co. v. Stacy*, 164 S.W.2d 537, 539 (Ky. 1942)).

4

the property owner to do business or otherwise benefit the property owner."[9] When the facts of a case are undisputed, the determination of the duty owed by a landowner to a guest is a question of law to be determined by the court.[10] In this case, neither party disputes the classification of Hoskins as an invitee and the resulting duty owed by the City to her—a duty "to discover unreasonably dangerous conditions on the land and either eliminate or warn of them."[11]

### A. The sun-heated walkway did not constitute an unreasonably dangerous condition.

It is generally a question of fact to be presented to the jury whether an unreasonably dangerous condition existed on the land possessor's premises sufficient to trigger the duty to warn or ameliorate.[12] But "summary judgment still remains a viable concept[.]"[13] "If reasonable minds cannot differ or it would be unreasonable for a jury to find breach or causation, summary judgment is still available to a landowner. And when no questions of material fact exist or when only one reasonable conclusion can be reached, the litigation may still be terminated."[14]

---

[9] *Bramlett*, 635 S.W.3d at 837.

[10] *Id.*

[11] *Kentucky River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010). Unreasonably dangerous conditions are sometimes referred to by this Court and others as "unreasonable risks of harm." *See Shelton*, 413 S.W.3d at 914; *Perry v. Williamson*, 824 S.W.2d 869, 874 (Ky. 1992).

[12] *See City of Cynthiana v. Sersion*, 88 S.W.2d 672, 672–73 (Ky. 1935).

[13] *Shelton*, 413 S.W.3d at 916.

[14] *Id.* (internal citations omitted).

5

An unreasonably dangerous condition is "one that is 'recognized by a reasonable person in similar circumstances as a risk that should be avoided or minimized' or one that is 'in fact recognized as such by the particular defendant.'"[15] One indication that a risk is not unreasonable is that "a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk."[16] Further, at common law, "conditions on the land could not be deemed unreasonably dangerous if they were 'known to the visitor or so obvious to him that he may be expected to discover them.'"[17] And if the conditions on the premises are not unreasonably dangerous, the land possessor's duty of care is not implicated, and thus "injuries arising from such conditions cannot give rise to the possessor's liability."[18]

The trial court in this case found that no reasonable jury could conclude that the sun-heated concrete walkways at the water park were an unreasonably dangerous condition. And we agree. Hoskins provided no evidence that the walkways at the water park were negligently maintained or defectively designed. She provided no evidence that other water parks take steps to minimize the sun-generated heat of their concrete walkways. She provided no expert testimony regarding industry standards or practices with which Barbourville Water Park failed to comply. Hoskins simply produced no

---

[15] *Id.* at 914 (citing DOBBS, THE LAW OF TORTS § 143, p. 335 (2001)).

[16] *Id.* (citing DOBBS at 336).

[17] *Id.* (citing *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 528 (Ky. 1969)).

[18] *Grubb v. Smith*, 523 S.W.3d 409, 417 (Ky. 2017) (citing RESTATEMENT (SECOND) OF TORTS § 343 (1965)).

6

evidence that a reasonable person in the place of the City would have taken any action to eliminate the alleged risk created by the sun heating the concrete walkways. As such, the trial court did not err in deciding that only one reasonable conclusion could be reached: the sun-heated walkways at the water park were not an unreasonably dangerous condition.

## B. Hoskins's injuries were not foreseeable to the City.

Historically, a land possessor could not be held liable for injury to an invitee caused by an open and obvious hazard.[19] But after this Court adopted a comparative-fault scheme, the identification of an open-and-obvious hazard was no longer a total bar to the plaintiff's recovery.[20] Under comparative fault, when an open-and-obvious hazard is identified, the land possessor is only liable for injuries caused by the hazard that are foreseeable.[21] Only if such injury was foreseeable did the land possessor have a duty to eliminate the hazard.[22]

Hoskins argues that, even if the sun-heated concrete walkways only constituted an open-and-obvious hazard, the City still had a duty to eliminate that hazard if it was foreseeable that an invitee would be injured by the harm, despite the "warning" that an open-and-obvious hazard inherently provides. Thus, she concludes that the case should have been submitted to the jury for

---

[19] *Kentucky River Med. Ctr.*, 319 S.W.3d at 388 (citing RESTATEMENT (FIRST) OF TORTS § 340 (1934)).

[20] *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 297 (Ky. 2015).

[21] *Kentucky River Med. Ctr.*, 319 S.W.3d at 393.

[22] *Id.* at 392.

determination of the foreseeability of her injury and a subsequent apportionment of fault.

Hoskins produced no evidence that she alerted the City to the existence of her underlying medical condition. She provided no evidence that any previous patron of the water park had sustained injuries like hers as a result of walking on its sun-heated walkways. So the trial court found the circumstances of Hoskins's injury to be so unusual and unique that the City could not have anticipated her injury nor could it have reasonably done more to prevent her injury.

This Court has generally considered the foreseeability of the plaintiff's injury to be a part of the breach analysis, presenting a question of fact for the jury.[23] As such, "the foreseeability of harm becomes a factor for the jury to determine what was required by the defendant in fulfilling the applicable standard of care."[24] But questions of breach may be properly decided by summary judgment "when a [hazard] cannot be corrected by any means or when it is beyond dispute that the landowner had done all that was reasonable."[25]

This case presents such a circumstance. Hoskins produced no evidence of any feasible means the City could have undertaken to lessen the alleged risk created by heat radiating from sidewalks warmed by the summer sun. She did

---

[23] *Shelton*, 413 S.W.3d at 914.

[24] *Id.*

[25] *Carter*, 471 S.W.3d at 297.

8

not produce any evidence that the City acted outside of industry standard practices. And she did not provide any evidence why the City would anticipate injuries like hers to take place. So we hold that the trial court appropriately concluded that Hoskins's injuries were not foreseeable to the City, and thus the City had no duty to eliminate the allegedly dangerous condition.

## IV. CONCLUSION

We find this to be a rare circumstance in which a plaintiff provided no evidence of the existence of an unreasonably dangerous condition such that summary judgment was appropriate. We agree with the trial court that no reasonable jury could find the sun-heated walkways at the water park constituted an unreasonably dangerous condition and that Hoskins's injury was so unforeseeable that the City could not have reasonably done more to prevent her injury. Thus, we affirm the decision of the Court of Appeals on Hoskins's strict-liability and breach-of-contract claims, and we reverse the Court of Appeals on Hoskins's premises-liability claim and reinstate the trial court's grant of summary judgment in favor of the City.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Licha H. Farah, Jr.
Whitney N. Williams
Ward, Hocker & Thornton, PLLC


COUNSEL FOR APPELLEES:

C. Bishop Johnson
C. Bishop Johnson, PLLC