RENDERED: OCTOBER 21, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0699-MR

CARROL CHEATWOOD                      APPELLANT

             APPEAL FROM HARDIN CIRCUIT COURT
v.          HONORABLE KELLY MARK EASTON, JUDGE
                 ACTION NO. 18-CI-01884

KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Carrol Cheatwood appeals the Hardin Circuit Court's June 16, 2021 order granting summary judgment in favor of Kentucky Farm Bureau Mutual Insurance Company. Finding no error, we affirm.

## BACKGROUND

Ronnie Cheatwood was operating his motorcycle when an underinsured motorist struck him. He was thrown from his motorcycle, suffered severe injuries, and it was necessary to amputate his left leg below the knee. His motorcycle was insured by a company other than Farm Bureau; that insurance did not include underinsured motorist coverage.

But Mr. Cheatwood and his wife, Carrol, are also parties to, and named insureds on, a policy with Farm Bureau covering a 2007 Chevrolet truck. That policy does include underinsured motorist benefits. The parties and the circuit court focused attention on Part C/1 of the policy addressing "Underinsured Motorists Coverage," and particularly the subpart entitled "Exclusions." It says:

> A. We do not provide Underinsured Motorists Coverage for ***bodily injury*** sustained by any ***insured***:
>
> . . . .
>
> 4. While ***occupying*** or operating a motorcycle owned by any insured.

(Emphasis original.) Mr. Cheatwood did not claim coverage for bodily injury under Part C/1 of the policy, but Mrs. Cheatwood claimed coverage for loss of consortium. Farm Bureau denied the claim of coverage.

Mrs. Cheatwood argued before the circuit court that this provision did not expressly identify loss of consortium as an exclusion from coverage. Based on

that fact, she argued the underinsured motorist coverage of the Farm Bureau policy on the 2007 Chevrolet truck was broad enough to cover her claim.

Both parties moved for summary judgment, and the circuit court entered judgment in favor of Farm Bureau. Citing *Kentucky Farm Bureau Mutual Insurance Company v. Armfield*, No. 2014-CA-001559-MR, 2016 WL 748388 (Ky. App. Feb. 26, 2016), as persuasive, the circuit court said:

> LOC [loss of consortium] is related, derivative, or dependent on a valid bodily injury claim of the spouse . . . .
>
> It is not a reasonable interpretation of the [Farm Bureau] policy to hold Mrs. Cheatwood would expect UIM [underinsured motorist] coverage for a LOC claim arising from this bodily injury to her husband. Mr. Cheatwood was occupying or operating a motorcycle, and any claim for bodily injury while doing so is excluded from the [Farm Bureau] policy.

The circuit court thus held the policy's exclusion operated to exclude coverage for Mrs. Cheatwood's loss of consortium claim. Mrs. Cheatwood now appeals.

## STANDARD OF REVIEW

"The issues having been presented as pure questions of law arising from stipulated facts, our standard of review is *de novo*." *Commonwealth v. Interstate Gas Supply, Inc. for Use and Benefit of Tri-State Healthcare Laundry, Inc.*, 554 S.W.3d 831, 834 (Ky. 2018) (citation omitted).

# ANALYSIS

The parties filed their stipulations to material facts on August 6, 2020, and the briefs do not suggest there are other, genuine issues regarding any other material fact that would prevent the application of law to decide the case.

Mrs. Cheatwood insists that although the policy expressly excludes bodily injury claims, a loss of consortium claim is not expressly excluded; therefore, coverage exists for this different, independent, and separate claim. On the other hand, Farm Bureau argues a loss of consortium claim only exists as derivative of Mr. Cheatwood's bodily injury claim, which is expressly excluded and, therefore, Mrs. Cheatwood's loss of consortium claim is likewise excluded.

We begin our analysis by noting that "an exclusion cannot grant coverage . . . ." *Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002). So, what provision does grant coverage in this case? Answering that question aids the Court in assessing Mrs. Cheatwood's argument for reversal.

The parties' stipulations do not address the question of the underlying coverage. The circuit court said nothing more on the question than that the policy "provides UIM coverage for claims 'because of bodily injury'" before proceeding to address the exclusion provision. We prefer not to put the cart before the horse; we start by considering the preliminary question of the origin of coverage.

Coverage is granted in Part C/1, "Underinsured Motorists Coverage,"

immediately preceding the exclusion provision. The specific subpart is titled

"Insuring Agreement" and states:

> A. We will pay compensatory damages which an ***insured*** is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of ***bodily injury***:
>
> > 1. Sustained by an ***insured***; and
> >
> > 2. Caused by an accident.
> >
> > . . . .[1]
>
> B. ***Insured*** as used in this Coverage Part C/1 – Underinsured Motorists Coverage means:
>
> > 1. You or any ***family member***.
> >
> > . . . .[2]
> >
> > 3. Any person for damages that person is entitled to recover because of ***bodily injury*** to which this coverage applies sustained by a person described in B.1 . . . .

(Emphasis original.) If we apply to this coverage provision the rationale Mrs.

Cheatwood applies to the exclusion provision – failure to expressly identify loss of

---

[1] The redacted language here merely states the bodily injury must result from the use of an underinsured motor vehicle, defined later in subpart C.

[2] In this subpart, B.2., an insured is defined to include "[a]ny other person while ***occupying your covered auto***." This part of the policy is irrelevant to this appeal.

consortium claims – , we cannot avoid concluding there is no coverage in the first place, making the exclusion provision irrelevant. This is cause to doubt Mrs. Cheatwood's argument.

On the other hand, applying Farm Bureau's rationale yields the conclusion that there would be coverage under the "Insuring Agreement" because, although a loss of consortium claim is not expressly listed, such claims are derivative of the expressly covered bodily injury claim. Mrs. Cheatwood's dilemma is that this Court cannot ascribe to her claim the characteristic of being derivative of her husband's bodily injury to find coverage under one provision, but then hold the characteristic does not exist for purposes of the next – the exclusion provision. "A court should interpret the contract in a manner that makes the contract internally consistent." 17A AM. JUR. 2D *Contracts* § 367 (2022).

We believe this analysis would suffice even without supporting jurisprudence. Either there is no coverage in the first place (if not derivative), or the claim is excluded (if derivative). It is the classic conundrum that Mrs. Cheatwood cannot have her cake and eat it, too. However, there is applicable jurisprudence, as the circuit court sufficiently set out in its order.

In effect, the circuit court held that, in the context of insurance, coverage for a loss of consortium claim is implied only if the associated bodily injury claim is covered, and impliedly excluded if the bodily injury claim is

excluded. Relying on jurisprudence that focuses on insurance contract exclusion provisions, the circuit court noted the interrelation between bodily injury and any resultant, ancillary, or derivative loss of consortium claim and determined that loss of consortium coverage is not separate and apart from the bodily injury coverage. We agree.

In *Moore v. State Farm Mutual Insurance Company*, an individual sustained serious injury during a car accident. 710 S.W.2d 225 (Ky. 1986). The at-fault driver was insured under a State Farm policy which included a $50,000 coverage limit per person and a $100,000 limit per accident. *Id.* The injured insured presented a bodily injury claim for $50,000 and his wife claimed the balance of the $100,000 per accident limit to satisfy her loss of consortium claim. State Farm argued the total coverage should have been capped at the $50,000 per person limit. The Supreme Court agreed based on the following rationale:

> Under policies fixing a maximum recovery for "bodily" injury to one person, . . . the limitation [is] applicable to all claims of damage flowing from such bodily injury, and that therefore it is immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries. In other words, all damage claims, direct and consequential, resulting from injury to one person, are subject to the [per person] limitation.

*Id.* at 226 (quoting *Construction and application of provision in liability policy limiting the amount of insurer's liability to one person*, 13 A.L.R.3d 1228, 1234 (originally published in 1967)). The significance of *Moore* to the instant case is

that a loss of consortium claim for insurance contract coverage is a consequence of the direct claim of bodily injury; *i.e.*, it is derivative and dependent upon initial coverage for the original, superior, independent bodily injury claim. That principle must hold true notwithstanding the nature of the provision – coverage or exclusion – implicating the relationship between the bodily injury and loss of consortium claims.

The Supreme Court reaffirmed its rule that a loss of consortium claim is not independent of the bodily injury claim in *Daley v. Reed*, 87 S.W.3d 247 (Ky. 2002). In *Daley*, a motorist was struck and killed while driving, and her husband filed a complaint on behalf of the decedent's four minor children seeking damages for loss of parental consortium. *Id.* at 248. The Supreme Court again determined the loss of consortium claims were subject to an insurance policy's per person coverage limit rather than its per accident limit. *Id.* Putting a fine point on the interconnectivity of bodily injury and loss of consortium claims, the Court said, "[V]irtually every jurisdiction that has addressed this issue has concluded that loss of consortium is not a separate 'bodily injury' but is derivative of the injured party's bodily injury claim[.]" *Id.* at 248-49 (citations omitted).

So too, here, Mrs. Cheatwood's loss of consortium claim is subsumed within the scope of State Farm's exclusion for bodily injury incurred during a motorcycle accident. Both *Moore* and *Daley* illustrate the point that a loss of

consortium claim is derivative of the bodily injury claim and, therefore, is not an independently insured injury. Because a loss of consortium claim is dependent upon a bodily injury claim, an insurance provision limiting or excluding coverage for one individual's bodily injury claim also operates to limit or exclude a related individual's derivative loss of consortium claim. Applying this principle to the Cheatwoods' policy and Mrs. Cheatwood's loss of consortium claim of insurance coverage, the circuit court did not err in denying her claim based on the applicable exclusion provision found in Part C/1.

Notwithstanding such analysis, Mrs. Cheatwood asks the Court to rely on *Hoskins v. Kentucky Farm Bureau Mutual Insurance Company*, an unpublished opinion of this Court involving an exclusion provision identical to that in the case now before the Court. No. 2011-CA-001454-MR, 2012 WL 4841094, at *6-7 (Ky. App. Oct. 12, 2012).[3] That opinion concluded that the bodily injury exclusion did not operate to exclude the loss of consortium claim. *Id.*

---

[3] *Hoskins'* procedural history indicates the Court of Appeals designated the opinion for publication. However, the Kentucky Supreme Court granted discretionary review on June 12, 2013. By operation of Kentucky Rule of Civil Procedure (CR) 76.28(4)(a), the Court of Appeals opinion was ordered not to be published. One of the Supreme Court's seven Justices recused, leaving only six to engage in appellate review. On December 19, 2013, the Supreme Court, whose remaining six Justices were evenly divided, entered an order, rather than an opinion, affirming the Court of Appeals opinion by operation of statute. Kentucky Revised Statutes (KRS) 21A.060 ("If the Supreme Court is equally divided in the decision of a case, the judgment, order or decree of the lower court shall stand affirmed.").

Of course, unpublished opinions are not precedent and only "may be cited for consideration by the court if there is no published opinion that would adequately address the issue before the court." CR 76.28(4)(c). The circuit court considered *Hoskins* but was more persuaded by *Kentucky Farm Bureau Mutual Insurance Company v. Armfield*, another unpublished opinion in which this Court determined spouses could not recover for loss of consortium when bodily injuries were expressly excluded from coverage under an auto insurance policy. 2016 WL 748388, at *1.[4] The case now before this Court differs from *Armfield* only because, in that case, both husband and wife were on the motorcycle at the time of the accident. The legal issue is the same.

Justice VanMeter, writing for this Court at the time, noted that *Hoskins* – besides lacking binding effect as an unpublished opinion – "ignored the published precedent of both the Kentucky Supreme Court and this court, and is not therefore persuasive." *Id*. at *2. Justice VanMeter's opinion applied *Daley* and *Moore* to determine there is no loss of consortium coverage if the underlying bodily injury claim is excluded. The Court said:

---

[4] *Armfield*'s procedural history reveals that, like *Hoskins*, the Court of Appeals designated the opinion to be published. The Kentucky Supreme Court granted discretionary review on August 17, 2016, and, as with *Hoskins*, the opinion was ordered not to be published by operation of CR 76.28(4)(a). On March 10, 2017, the Supreme Court granted the parties' joint motion to dismiss but denied their motion to order publication of the Court of Appeals opinion. Justice VanMeter, who took office on the Kentucky Supreme Court on January 3, 2017, recused from review of his own opinion, of course.

> KFB's policy clearly and unambiguously excluded UIM coverage for bodily injury sustained by an insured while occupying an owned motorcycle. Neither spouse has a substantive, bodily injury claim against KFB under the policy. Recognizing that they were not covered in this instance, the Armfields attempted an "end run" and filed a complaint based solely on each spouse's loss of consortium with the other due to the other's non-covered, non-compensable bodily injury. [The] Armfields are not entitled to coverage under the KFB policy for their "bodily injury," and consequently neither may recover for loss of consortium as a result of the bodily injury to the other spouse.

*Id.* at *3 (footnote omitted). We find *Armfield* and its analysis of *Daley* and *Moore* persuasive, just as the circuit court did.

## **CONCLUSION**

Based on the foregoing, we affirm the Hardin Circuit Court's June 16, 2021 order granting summary judgment in favor of State Farm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Aaron D. Smith
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Reford H. Coleman
Eric A. Hamilton
Elizabethtown, Kentucky

Michael D. Risley
Louisville, Kentucky